IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| THUNDER COLLINS, | ) | |
|---|---|---|
| Petitioner, | ) | 8:18CV338 |
| v. | ) | |
| BRAD HANSEN, | ) | MEMORANDUM AND ORDER |
| Respondent. | ) | |

Collins has filed a second habeas corpus petition in this case after his first one was denied. He has also sought to overturn the prior judgment by filing a motion under Federal Rule of Civil Procedure 60(b)(4) claiming that the prior judgment was "void." Conducting an initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I dismiss the petition. I also deny the motion.

I denied Collins habeas relief in 2014 in 4:12-cv-03235 after a thorough review of the state court records and full briefing. (Filing no. 27.) I denied a certificate of appealability, *id.*, and so did the Court of Appeals. (Filing no. 36.) Additionally, on January 27, 2016 the Court of Appeals denied Collins an authorization to file a successive habeas petition. (Filing no. 41.)

The petition here is successive and no permission has been granted by the Court of Appeals to file a successive petition. 28 U.S.C. § 2244 (b)(1). *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (Under provision of Antiterrorism and Effective Death Penalty Act (AEDPA) governing second or successive habeas petitions, if the claim presented in the second or successive petition was also presented in the prior petition, the claim must be dismissed.) In fact, in the earlier case, the Court of Appeals has specifically denied authorization to file a second petition. The claims in this case are either similar to the ones previously advanced or they could have been advanced in the earlier petition.

As for the Rule 60(b)(4) motion it is frivolous. Collin has not shown that the prior judgment entered in this court was void. To the extent, he seeks to use the Rule to attack the state criminal judgment he cannot do so.

"It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt*, No. 4:07-CR-121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 767 n.1 (10th Cir. 2008).

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appeal ability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDonnell*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appeal ability.

IT IS ORDERED that the habeas corpus petition (filing no. 1) is denied and dismissed with prejudice. No certificate of appeal ability has been or will be issued. Judgment will be issued by separate document. Additionally, the motion for relief under Rule 60(b)(4) (filing no. 6) is denied with prejudice.

DATED this 27th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge